IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

IGNACIO CAMPOS,
RAQUEL CAMPOS,

    Plaintiffs,

v.

FEDERAL HOME LOAN SERVICES CORP.; QUALITY HOME LOAN SERVICES; AND DOES 1-100, inclusive,

    Defendant.

No. 2:13-cv-494-MCE-EFB PS

<u>ORDER AND</u>
<u>FINDINGS AND RECOMMENDATIONS</u>

Presently before the court is plaintiffs' motion for default judgment against defendant Federal Home Loan Services Corp ("Freddie Mac"). ECF No. 21. The motion is noticed for hearing before the undersigned on September 25, 2013.[1] *Id*. For the reasons stated herein, the undersigned vacates the hearing and recommends that the motion be denied.

/////

/////

/////

---

[1] This case, in which plaintiffs are proceeding *in propria persona* and *in forma pauperis* was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21).

1

## I. BACKGROUND

On March 12, 2013, plaintiffs filed a complaint, asserting claims against defendants Freddie Mac and Quality Home Loan Services ("Quality"). On July 31, 2013, Quality moved to dismiss the complaint for failure to state a claim.[2] ECF No. 16. On August 23, 2013, plaintiffs requested the clerk of court to enter default against defendant Freddie Mac under Federal Rule of Civil Procedure 55(a) for failure to plead or otherwise defend. ECF No. 19. On the same date, plaintiffs filed a motion for default judgment. ECF No. 21. On August 26, 2013, the clerk of court declined to enter Freddie Mac's default with an entry stating the request was declined "due to no unexecuted return of service." ECF No. 20.[3] On September 4, 2013, the United States Marshal filed a return of service, titled Summons Returned Executed, documenting that Freddie Mac was properly served with the summons and complaint on August 2, 2013. ECF No. 22. Pursuant to Federal Rule of Civil Procedure 12(a), Freddie Mac was required to file a responsive pleading on or before August 23, 2013. On September 6, 2013, Freddie Mac moved to dismiss the complaint for failure to state a claim. ECF No. 23. No intervening request was made by plaintiff for a clerk's entry of default following the earlier denial and the filing of Freddie Mac's September 6, 2013 motion to dismiss.

/////
/////
/////
/////
/////

---

[2] Quality's motion to dismiss was erroneously noticed before the district judge assigned to this case. ECF No. 16; *see* E.D. Local Rule 302(c). The court therefore vacated the hearing date for that motion and ordered Quality to re-notice the hearing before the undersigned.

[3] Given that the docket shows no return of service documenting that service of process was completed, presumably the clerk's entry is a typographical error and should have stated "no executed return of service."

2

## II. DISCUSSION

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."[4] Entry of default against a defendant cuts off that defendant's right to appear in the action or to present evidence. *Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927).

Here, the clerk of court denied plaintiffs' request for entry of default. Although Freddie Mac's motion to dismiss was untimely, the court cannot enter default once the defendant has filed its responsive pleading. *See Horton v. Sierra Conservation Ctr.*, 2010 WL 743849, at *1 (E.D. Cal. Mar. 1, 2010) (citing *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1317 (11th Cir. 2002); *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.*, 840 F.2d 685, 689 (9th Cir. 1988) (no default can be entered if defendant has filed a response indicating its intent to defend the action)). Therefore, there is no basis for granting a default judgment here.

## III. CONCLUSION

Accordingly, it is hereby ORDERED that the September 25, 2013 hearing is vacated.

Further, it is RECOMMENDED that plaintiffs' motion for default judgment (ECF No. 21) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[4] Because the court finds that entry of default under Federal Rule of Civil Procedure 55(a) is improper, the standards for entry of default judgment under Rule 55(b) need not be addressed.

3

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 24, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE