UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO CAMPOS, RAQUEL CAMPOS,<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL HOME LOAN SERVICES CORP; QUALITY HOME LOAN SERVICES; and DOES 1-100, inclusive,<br><br>Defendants. | No. 2:13-cv-494-MCE-EFB PS<br><br><br>ORDER |

Presently set for hearing on October 30, 2013, are defendants' motions to dismiss the complaint. ECF Nos. 23, 30. On October 1, 2013, plaintiffs filed a first amended complaint, which asserts additional claims against defendants. ECF No. 33. The court construes the first amended complaint as a motion for leave to file an amended complaint.

Defendants moved to dismiss more than 21 days before plaintiffs filed their first amended complaint. Therefore, plaintiffs are not entitled to amend their complaint "as a matter of course" under Federal Rule of Civil Procedure 15(a)(1). Accordingly, the court must look to Rule 15(a)(2), which provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend

1

should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has instructed that "the crucial factor is the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the party opposing amendment. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*, 833 F.2d at 187. Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiffs, who are appearing *pro se*, unduly delayed in requesting leave to file an amended complaint or that their request was filed in bad faith. Further, the court cannot say at this time that the amendment would be futile. Additionally, although defendants have already filed motions to dismiss, if plaintiffs' amended complaint suffers from the same failures that defendants contend the original complaint does, defendants can renew their motion to dismiss the amended complaint on similar grounds. Therefore, defendants have completed little work that would be disturbed by granting plaintiff leave to file an amended complaint. The burden of showing prejudice is upon the party opposing the amendment and defendants cannot carry this burden. Accordingly, plaintiff will be granted an opportunity to file a third amended complaint. *See Duong-Tran v. Kaiser Found. Health Plan of the N.W.*, 2008 WL 1909221, at *4-5 (D. Or. Apr. 28, 2008).

As a result, the pending motions to dismiss, ECF. Nos. 23, 30, will be denied as moot. Plaintiffs' first amended complaint will supersede the original complaint, which defendants' motions seeks to dismiss, rendering the original complaint of no legal effect and the motions to dismiss moot. *See Ramirez v. Silgan Containers*, 2007 WL 1241829, at *6 (Apr. 26, 2007).

////

////

////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' October 1, 2013 motion to amend their complaint, ECF No. 33, is granted.

2. This action will proceed on plaintiffs' first amended complaint, ECF No. 33.

3. Defendants' motions to dismiss, ECF Nos. 23, 30, are denied as moot and the October 30, 2013 hearing thereon is vacated.

4. Defendants shall file a response to plaintiff's amended complaint within the time prescribed in the Federal Rules of Civil Procedure.

DATED: October 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE